## A. G. ROBERTS ET AL. *v* TAYLOR ELLIOTT ET AL.

**Contracts—Specific Execution—Petition Defective.**

In a suit to enforce the specific execution of a contract the plaintiff must allege ability and readiness to convey the land in controversy to his vendee.

**Purchaser—Legal Title—Sale Set Aside.**

When the purchaser at a decretal sale cannot get the legal title, same will be set aside.

**Vendor—Failure to Perfect Title—Recission.**

The vendor's failure to perfect his title to the land does not entitle him to a recission of the contract to convey the legal title on the payment of the purchase money.

**Cross-Petition—Summons.**

Where a party is made defendant to the original action by amended pleadings, process on his cross-petition against the plaintiff is not necessary.

APPEAL FROM SHELBY CIRCUIT COURT.

September 13, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

The petition of Elliott contained no allegations of an ability or readiness to convey the land to his vendee, consequently he was not entitled to a specific execution of the contract, nor to a judgment for a sale of the land for the satisfaction of the unpaid purchase money; and, as Floyd, the purchaser at the sale of the master, could not get the legal title, the same was properly set aside.

The judgment of sale, after sale by the master had been set aside, was, by consent of the parties, also set aside, and appellee, Elliott, then filed an amended petition, in which he made Moses

Neal and E. A. W. Roberts defendants, and alleges that they have no interest in the land; that Neal on the — day of February, 1850, sold all his interest in the land to said appellee, by executory contract, for the sum of $——, all of which had been paid, and that Neal was a non-resident of the State. He subsequently filed another amendment, alleging that he had purchased one-half of said land from Neal, and had paid him the whole of the purchase money therefor; that he had "made diligent efforts to procure a conveyance from him of his interest, and had endeavored to have him served with process, but had been unable to do so; that in fact he has been informed that said Neal has departed this life; that it being impracticable for plaintiff to perfect the title to said land, as required by defendant, and having acted in perfect good faith, he asks that the contract be rescinded, etc."

The contract was cancelled on final hearing, of which appellants now complain.

The facts from which the conclusion is reached that appellee made diligent efforts to procure a conveyance from Neal are not stated; but from what appears in the record, no efforts whatever were made. In his first amendment he avers Neal was a non-resident, and then takes no warning, or other proper steps, to bring him before the court by constructive service, or otherwise. And if, as is intimated, he was dead, he fails to show any reason why the legal title could not be procured from his heirs; and if even the mere allegation of impracticability were sufficient to excuse him, and entitle him to the relief sought, he has wholly failed to show that.

Besides, E. A. W. Roberts, whom appellee makes a defendant to his action, alleges in his answer, which he makes a cross petition, that appellee informed him that A. G. Roberts had paid him the purchase price for the land, advised him to purchase the same, and promised to convey him the legal title, and that he purchased and paid therefor upon the assurances and representations of appellee; and this cross petition was, at the hearing, and is yet, unanswered, and must be taken as true. He was a defendant to the original action by amended pleadings, and process on his cross petition against the plaintiff below was not necessary, and the judgment was prejudicial to A. G. Roberts' vendee and unauthorized.

It is unnecessary to enter upon an examination in deatil of the

state of accounts between Elliott and A. G. Roberts, but we suggest that, from the evidence, it seems that A. G. Roberts is entitled to credit for more than was allowed him, and it would be proper to refer that branch of the case to the master to ascertain and report the true state of accounts between the parties.

Wherefore, the judgment is reversed, and the cause remanded, with directions to permit appellant to perfect his title to the land by bringing the proper parties before the court for that purpose, and for making the necessary preparations for a final determination of the case, which are certainly very defective on both sides. The bond from Elliott to A. G. Roberts, although made an exhibit, is not filed, nor has E. A. W. Roberts filed or produced his assignment thereof, although he states in his cross petition he has done so.

*Z. Wheat, for appellant.*

*Lindsey & Harwood, for appellees.*